794 F.2d 595
 5 Fed.R.Serv.3d 1047
 Robert CLARK, Plaintiff-Appellant,
v.
Fob JAMES, Joe Hopper, Larry Spears, Tom Allen, J.E. Murphy,
Captain Murdock, Captain Natt Jodan, Paul Whaley, Fred C.
Payne, Wally Favorite, Forrest Jones, Nurse Williams, Connie
Hathaway, Ida Yales, Kilby Prison Medical Dept., Defendants-Appellees.
 No. 85-7704
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 July 21, 1986.
 Thomas R. Allison, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.
 HILL, Circuit Judge:
 
 
 1
 Appellant Robert Clark appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion to reinstate his claim. We affirm.
 
 
 2
 On December 7, 1982, appellant, a prison inmate, filed a pro se 42 U.S.C. Sec. 1983 (1982) suit claiming a variety of constitutional violations. The district court granted summary judgment denying relief. On appeal, this court affirmed as to all but one of appellant's claims. 756 F.2d 883. We reversed in part and remanded for reconsideration of appellant's claim that by assigning him to prison duties requiring exposure to contagious diseases, prison officials violated his eighth and fourteenth amendment rights.
 
 
 3
 On April 11, 1985, the case on remand was assigned to a magistrate who set an evidentiary hearing to be conducted on June 12, 1985. Appellant, however, failed to appear for the hearing as he had escaped from a supervised intensive restitution program in December, 1984 and remained at large at the time of the hearing. The magistrate recommended that the case be dismissed on grounds that appellant had abandoned his cause of action. On July 10, 1985 the district court adopted the magistrate's recommendation and ordered the case dismissed.
 
 
 4
 On August 27, 1985 Clark, who had been recaptured, filed a motion to reinstate the complaint. The district court treated the motion as a request for relief from judgment under Rule 60(b)(6) and denied the motion. This appeal resulted.
 
 
 5
 Appellant argues on appeal that as he was recaptured eight days prior to the district court's dismissal of his suit, yet he was not informed of the possibility of such a dismissal, his Rule 60(b)(6) motion should have been granted. We note initially that dismissal of a civil action for want of prosecution is an appropriate sanction. Link v. Wabash R. Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Voluntary absence at a scheduled hearing, when combined with other evidence of similar purport, has been held to constitute want of prosecution, justifying the sanction of dismissal. Harrelson v. United States, 613 F.2d 114, 116 (5th Cir.1980); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir.1970), cert. denied, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971).
 
 
 6
 It is clear that appellant's absence at the hearing coincided with an intention not to appear at any further proceedings in the case. The fact that he was returned to the prison system after he had intentionally absented himself from the hearing but before the district judge had acted on the magistrate's recommendation was no indication he had intended to resume his litigation. His return was involuntary; he was recaptured. The sanction of dismissal was imposed not because he was absent when the district judge acted on the magistrate's recommendation. It was imposed because he had deliberately failed to appear at the hearing, and it was an appropriate sanction. The district judge is not required to ignore a litigant's voluntary absence from the hearing set in his case and continuously reset hearings on the chance that the litigant may later decide to attend one. If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate whether or not it further appears that it might have suited his convenience to appear should one be later set.
 
 
 7
 The circumstances which surround the failure to prosecute this civil action are somewhat akin to the inmate who escapes while his appeal is pending. Such conduct is held to constitute an abandonment of the appeal. See Hall v. Alabama, 700 F.2d 1333, 1337 (11th Cir.), cert. denied, 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 183 (1983). The decision in Beckett v. Cuyler, 523 F.Supp. 104 (E.D.Pa.1981) recognized this similarity. In a fact situation virtually identical to that presented here, the court held:
 
 
 8
 Under Rule 60(b)(6), the court may order relief from a judgment for "any other reason justifying relief from the operation of the judgment." The original action was properly closed when plaintiff escaped and thereby sacrificed the opportunity to prosecute his claim. Plaintiff clearly chose to pursue his own illegal remedy rather than await judicial resolution of his suit, and such self-help in the form of escape is indefensible. United States v. Haley, 417 F.2d 625, 626 (4th Cir.1969). This rule controls regardless of aggravating conditions at the prison. United States v. Powell, 601 F.2d 583 (4th Cir.1979). Although "an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); cf. Estelle v. Durrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377, reh. denied, 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975) (escaped prisoner can lose right to appeal). In short, the interests of justice do not favor reopening this matter, and thus I will not grant plaintiff relief from the earlier judgment.
 
 
 9
 Id. at 106. We take a similar view.
 
 
 10
 Our decision in this case is not altered by the possibility that appellant escaped only because he faced a "grisly choice" in considering whether to escape the inhumane conditions of his incarceration. Even assuming that appellant's allegation of a "grisly choice" has merit, as appellant never attempted to surrender, but rather was returned to the custody of state officials only after his arrest for the commission of a crime unrelated to that resulting in his initial imprisonment, any credibility appellant's necessity argument initially possessed has been erased. Hall, 700 F.2d at 1337.
 
 
 11
 Nor does the fact that Clark was recaptured 8 days before the dismissal and apparently not informed that the dismissal of his claim was pending require a different holding. Clark, a fugitive when the hearing was called, remained so throughout the period he might have objected to the magistrate's recommendation. In addition, there is no constitutional right to notice and hearing prior to dismissal, even when the escapee is captured before dismissal. Joensen v. Wainwright, 615 F.2d 1077, 1079-80 (5th Cir.1980).
 
 The decision of the district court is
 
 12
 AFFIRMED.