**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD RICHARD NEWTON,

        Plaintiff-Appellant,

v.

LADON MOTEN, Officer of the New
Mexico State Police, individually and
officially,

        Defendant-Appellee.

Case No. 97-2021

(D.C. CIV-96-569-MV)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.


After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

---

    [*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

Edward Richard Newton, appearing pro se and proceeding in forma pauperis, appeals the district court's dismissal of his complaint, which we construe as a 42 U.S.C. § 1983 complaint. The district court, finding the complaint identical to a previously dismissed complaint that Mr. Newton filed under another name, considered the matter adjudged and dismissed this complaint with prejudice. Mr. Newton appeals this decision, and argues that the first dismissal was also incorrect. We affirm.

**BACKGROUND**

Mr. Newton alleges that he was beaten by Ladon Moten, a New Mexico police officer, at the booking station in the Socorro County Jail, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Although the Eighth Amendment does not apply to the use of excessive force against a pretrial detainee, see Berry v. City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990) (citing Bell v. Wolfish, 441 U.S. 520, 536 n.17 (1979)), because we liberally construe Mr. Newton's pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the claim is cognizable under 42 U.S.C. § 1983 as an alleged Fourteenth Amendment Due Process violation. See Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989); Meade v. Grubbs, 841 F.2d 1512, 1526-27 (10th Cir. 1988).

We apply de novo review to the grant of a motion to dismiss for failure to state a claim. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). "We

2

uphold a dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-plead allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). Mr. Newton is proceeding under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321-73 (1996), which requires a district court to dismiss an action if it determines that the action is frivolous, or fails to state a claim upon which relief may be granted.

## DISCUSSION

The record indicates that in August 1993, Mr. Newton, under the name Richard Coleman, filed an action based on the same events detailed in the instant complaint, which asserted the identical grounds for relief against Mr. Moten. See Aple's Br. ex. 2 at 1-2 (Order denying motion to set aside order of dismissal, dated Mar. 5, 1997).[1] In that action, the district court granted Mr. Moten's motion to dismiss, based on Mr. Newton/Coleman's failure to prosecute the claim. See Rec. vol. 1, doc. 10, ex. C (No. CIV. 93-994 JP/LFG order of dismissal, dated Mar. 7, 1994). The failure to prosecute the claim was due in no small part to Mr. Newton/Coleman's escape from prison.

---

[1] Upon Mr. Newton's escape, his fingerprints identified him as Michael George Johnson, apparently another alias.

The district court's dismissal with prejudice of Mr. Newton/Coleman's original complaint is a final dismissal on the merits. See e.g., Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1129 (10th Cir. 1991) (holding that dismissal with prejudice that is "'fairly and regularly entered into by a court of competent jurisdiction is . . . an effective bar under the doctrine of res judicata to a subsequent action between parties on the same cause of action.'" (quoting Stokke v. Southern Pac. Co., 169 F.2d 42, 43 (10th Cir. 1948)); 18 Charles A. Wright, et al., Federal Practice & Procedure § 4435, at 333 (1981) ("Dismissals for failure of the plaintiff to prosecute . . . . operate as an adjudication on the merits . . . .").

In the case at bar, the district court adopted that magistrate judge's recommendation that the present action be barred by the doctrine of res judicata, and dismissed the complaint for failure to state a claim. See Rec. docs. 19, 16. We agree.

Mr. Newton asserts only outlandish reasons for his inability to prosecute the Coleman action. He alleges he did not know the complaint had been filed, because he never mailed it, although Mr. Newton does not deny preparing and signing the complaint. The record indicates the complaint was mailed on August 16, 1993 and filed three days later. The record also demonstrates that Mr. Newton escaped from the Socorro County Jail on either August 18 or 19, 1993. It is irrefutable that Mr. Newton cannot assert an inability to prosecute, or ignorance of the suit, based on his deliberate escape. See Degen v. United States, 116 S. Ct. 1777, 1781 (1996) (recognizing the

authority of appellate courts "to dismiss an appeal or writ . . . if the party seeking relief is a fugitive while the matter is pending"); Clark v. James, 794 F.2d 595, 597-98 (11th Cir. 1986) (refusing to ignore litigant's absence at hearing due to escape from prison). Evidently, Mr. Newton "'chose to pursue his own illegal remedy rather than await judicial resolution of his suit . . . .'" Id. (quoting Beckett v. Cuyler, 523 F. Supp. 104, 106 (E.D. Pa. 1981)). By raising an indefensible, meritless theory, Mr. Newton has overextended both the resources and tolerance of this court. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (noting court's power to pierce the veil of the complaint's factual allegations where factual contentions describe "fantastic or delusional scenarios").

> In a related context, the Third Circuit has astutely pointed out that a fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claims . . . . Particularly in this age of overcrowded dockets and court backlogs, it is unreasonable to expect a court to expend its scarce resources on one who has blatantly disregarded the court's procedures.

Ali v. Sims, 788 F.2d 954, 959 (3d Cir. 1986); see also Estelle v. Dorrough, 420 U.S. 534, 537 (1975) (per curiam) (in reviewing practices of state courts for conformity with the Due Process Clause, the Court noted that disentitlement "discourages the felony of escape and encourages voluntary surrenders" and "promotes the efficient, dignified operation" of the courts).

Finally, we reject Mr. Newton's attempt to call into question the correctness of the district court's dismissal of the Coleman complaint. Mr. Newton moved under Rule 60(b)(6) to have the dismissal order set aside nearly three years after it had been entered. See Aple's Br. ex. 1. The district court denied his motion, and Mr. Newton did not appeal from this decision within a reasonable period of time. See id. ex. 2. Accordingly, the dismissal is no longer appealable, and cannot be challenged in this action.

5

We agree with the district court that Mr. Newton's complaint fails to state a claim. Mr. Newton is thus notified that he may not proceed under 28 U.S.C. § 1915 if he has, under any pseudonym, on three or more prior occasions, filed frivolous actions or had matters dismissed for failure to state a claim for relief. The dismissal of this claim is AFFIRMED. Accordingly, this appeal falls within § 1915(e)(2)(B)(ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

6