357 So.2d 384 (1978)
Ernest Calvin PACE
v.
STATE.
7 Div. 562.
Court of Criminal Appeals of Alabama.
February 21, 1978.
Rehearing Denied March 21, 1978.
*385 Donald W. Stewart, Gadsden, for appellant.
William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.
BOWEN W. SIMMONS, Retired Circuit Judge.
This is an appeal from a judgment of the Circuit Court of Etowah County dismissing appellant's petition for a writ of error coram nobis. Such dismissal was pursuant to a Motion of the State without an evidentiary hearing.
It appears from the pleading before us on this appeal that appellant was tried in the Circuit Court of Etowah County and convicted of robbery; sentence, fifteen years.
We take judicial knowledge that defendant appealed to this Court from the judgment. Pace v. State, 45 Ala.App. 390, 231 So.2d 166. This Court dismissed the appeal on January 30, 1970. It appears that appellant Pace escaped pending his appeal. He escaped from the penitentiary while serving time on another sentence.
This dismissal precluded review of the record as to probabilities of prejudicial error and made the appellant subject to the judgment of conviction.
Appellant asserts in his petition now under consideration that he was in prison in the City Jail of Scottsboro, Alabama, on June 28, 1968, at which time the alleged robbery occurred. We think that the pleadings or petition of appellant justified an evidentiary hearing on this factual issue if not on other asserted issues. We make no judgment on the other contentions.
We note that appellant, an imprisoned indigent, was not represented by an attorney when the trial court dismissed his petition. We think he was entitled to counsel. The trial court on remand of this cause will give such an appointment proper consideration.
We note that appointed counsel on this appeal filed an able and comprehensive brief for his client. His insistence that his client was entitled to an evidentiary hearing is well taken. Appellant was deprived of his constitutional right of due process. Greenfield v. Hamrick, Ala., 341 So.2d 136.
The judgment is reversed and the cause is remanded.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.

ON REHEARING
BOWEN W. SIMMONS, Retired Circuit Judge.
The petition here under consideration is the pro se product of appellant, who, as we have noted, was an indigent.
*386 Attached to the petition is an exhibit which indicates that appellant might have been in jail when the alleged offense, for which he was tried and convicted, was committed.
If, by competent evidence, it appears later that defendant was in jail at the time the alleged offense was committed, and his identification as a participant in person was a mistake, he should not be imprisoned.
Appellant should be given an opportunity at an evidentiary hearing in this proceeding to present his defense and explain why it was not asserted at the trial on the merits, to the end that he might refute negligence on his part. It is probable that he could have been confused as to the date he was in jail, if such be a fact. Denial of such a right would violate his constitutional right of due process.
In view of his indigency, we think he would be entitled to counsel to present his case.
Application overruled.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur.