Carl HALL, Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 80–7760.

United States Court of Appeals,
Eleventh Circuit.

March 21, 1983.

Edward C. Greene, Mobile, Ala. (court-appointed), for petitioner-appellant.

Susan Beth Farmer, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before HILL and ANDERSON, Circuit Judges, and LYNNE *, District Judge.

LYNNE, District Judge:

Appellant, Carl Hall, prosecutes this appeal from the judgment of the United States District Court for the Southern District of Alabama, dismissing without prejudice his petition for writ of habeas corpus. Concluding that, in doing so, the district judge did not abuse his discretion, we affirm.

Hall, a black man, was indicted by a grand jury for murder in the first degree. He filed a *pro se* motion to dismiss such indictment on the ground that the grand jury which returned the indictment was constitutionally infirm. His motion denied, he was convicted by a jury in the Circuit Court of Mobile County, Alabama, and sentenced to life imprisonment. His appeal to the Alabama Court of Criminal Appeals was dismissed on September 16, 1976, when he escaped from confinement in the Mobile County jail.

Appellant was captured and returned to the custody of the Alabama penal authorities on September 21, 1977, just over one year after his escape. Upon his return to state custody, he filed numerous motions in the state court seeking post conviction relief, all of which were denied without opinion.

On March 5, 1979, appellant filed a petition for habeas corpus relief in the United States District Court for the Southern District of Alabama, alleging *inter alia* that he was indicted by a constitutionally infirm grand jury. The district court assigned the case to a United States Magistrate. The State's motion to dismiss the petition was denied on September 19, 1979.

The State filed an amended motion to dismiss on November 13, 1979, claiming that appellant had deliberately by-passed orderly state procedures by escaping from state custody after conviction and sentencing. On December 14, 1979, however, the magistrate, with the consent of the attorney representing the State of Alabama, entered an "order and judgment" granting the petition, directing the issuance of the writ, and providing that Hall would be discharged from custody unless reindicted within fourteen days.

Shortly thereafter the State replaced the attorney assigned to Hall's case. On December 27, 1979, the new Assistant Attorney General filed a motion for rehearing on the ground of a mistake of fact that was unknown to the State at the time of the Court's order (appellant's escape), a motion for a temporary stay of the December 14, 1979, consent judgment and order, and an amended motion to dismiss (verbatim copy of the amended motion to dismiss filed by the State on November 13, 1979). The motion for a temporary stay was granted by the district court, and on February 21, 1980, the magistrate granted the State's motion for rehearing, and, relying upon Federal Rule of Civil Procedure 60(b)(6), rescinded the consent judgment and order of December 14, 1979. The magistrate also ordered that the State's December 27, 1979, amended motion to dismiss be treated as a summary judgment.

On May 30, 1980, the magistrate took under submission the State's motion for summary judgment and the deliberate by-pass issue. On that date the magistrate issued his recommendation that appellant's petition for habeas corpus relief be dismissed without prejudice for failure to exhaust state remedies as required by 28

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

U.S.C. § 2254(b). The magistrate reasoned that appellant had waived his right to pursue his state court claims by escaping from the custody of the state. This recommendation was subsequently adopted by the district court, and appellant's habeas petition was dismissed without prejudice. Appellant's subsequent motion to alter or amend his judgment was also denied, and thereafter appellant prosecuted an appeal to this court.

Appellant raises two issues in this appeal. First, he contends that the magistrate erred in determining that his escape from custody constituted a waiver of his right to pursue state remedies, thus foreclosing his right to federal habeas review. Second, he argues that the magistrate improperly applied Federal Rule of Civil Procedure 60(b)(6) to rescind the December 14, 1979, consent judgment. For the reasons discussed below, we affirm the decision of the lower court on both issues.

## I. WAIVER

■ Habeas corpus jurisdiction of persons in custody pursuant to a court judgment is conferred on federal courts by 28 U.S.C. § 2254. Under subsection (b), a federal habeas petitioner who is in the custody of state officials must exhaust all available remedies in the state courts before his petition for a writ of habeas corpus will be heard by a federal court.[1] In order to exhaust his remedies, a petitioner must assert them so that his claims may be adjudicated on their merits. Simply put, if he waives his right to pursue these remedies, then he loses his right to assert them and, as a consequence, his right later to seek federal habeas review.

In the instant case, appellant escaped from the state penitentiary while his appeal

to the Alabama Court of Criminal Appeals was pending. In conformity with well established precedent in Alabama, the Court of Criminal Appeals dismissed his appeal. *See Pace v. State,* 357 So.2d 384 (Ala.Cr. App.1978); *Jett v. State,* 46 Ala.App. 290, 241 So.2d 131 (Ala.Cr.App.1970); *Hammonds v. State,* 44 Ala.App. 256, 206 So.2d 924 (Ct.App.1968). Upon his recapture, appellant filed numerous motions for post conviction relief, all of which were denied without opinion by the state court. He contends that although Alabama law clearly mandates that a post conviction escape results in the dismissal of any appeals that were pending at the time of an escape, the law does not preclude him from pursuing post conviction remedies once he is back in the custody of the state penal authorities. Therefore, he argues, since he unsuccessfully pursued in state court all available avenues of post conviction relief, federal habeas review is not foreclosed to him.

■ Initially, it must be noted that we do not view the Alabama court's denials of appellant's post conviction motions as decisions on the merits. We adhere to the teaching of *Ex parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944), that the denial of a habeas application by a state court does not serve to exhaust state remedies when the denial cannot fairly be taken as an adjudication of the merits of the claims presented. Similarly, we do not believe that the state court's denials of appellant's motions, without opinion, can fairly be taken as an adjudication by the state of the merits of the claims presented.

The Supreme Court has developed two tests for determining whether an individual has waived his right to habeas review of his confinement. In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Court

1. In pertinent part the statute reads

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is

either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

28 U.S.C. § 2254(b). *See, e.g., Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

found that "[i]f a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts" for any reasons that can be described as the deliberate by-passing of state procedures, then the federal court on habeas has discretion to deny that applicant all relief if the state courts refused to entertain his federal claims on the merits. *Id.* at 439, 83 S.Ct. at 849. In 1977, the Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), provided a narrower waiver test for habeas cases. The *Wainwright* court held that federal habeas review should be barred to a petitioner who chose to waive his right to procedural review unless the petitioner was able to show cause for the noncompliance and actual prejudice resulting from the alleged constitutional violation. *See generally Davis v. U.S.,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) (Federal court cannot reach merits of a challenge to the composition of a grand jury in the face of a state procedural default, absent a showing of cause and prejudice).

Although the Alabama Supreme Court has never addressed the questions whether an escape mandates dismissal of a pending appeal or whether an escape constitutes a waiver of the right to pursue state post conviction remedies, the appellate courts of Alabama, as discussed above, have long held that by escaping from the custody of the state an appellant waives his right to be heard on any appeals that were pending at the time of the escape. In the absence of a decision from the state's highest court, this court "must adhere to the decisions of the state's intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise." *King v. Guardian Life Insurance Co. of America,* 686 F.2d 894 (11th Cir.1982) (*quoting Flintkote Co. v. Dravo Corp.,* 678 F.2d 942 (11th Cir.1982)). In this case we have no indication that the state's highest court would reject the long followed

practice in the appellate courts that the court may dismiss all appeals pending at the time of an escape.

Relying upon *Pace v. State,* 357 So.2d 384 (Ala.Crim.App.1978), appellant argues that the Alabama Court of Criminal Appeals has recognized that post conviction remedies are available to an escapee who has been recaptured. In *Pace,* the petitioner's direct appeal had been dismissed when he escaped from the state penitentiary. After being returned to custody the petitioner filed a writ of error *coram nobis,* claiming that new evidence indicated that he had been in jail at the time of the robbery for which he was convicted. The lower court dismissed his petition, but the appellate court reversed, reasoning that appellant was entitled to an evidentiary hearing on the new factual issue alone. *Id.* at 385. The *Pace* decision is readily distinguishable from the case sub judice. Although *Pace* indicates that the Alabama courts might be willing to allow a petitioner who escaped and was later apprehended to present significant new evidence relating to a factual issue in the case, appellant has not presented to this court new evidence surrounding his conviction.

The federal courts have often addressed the question of the treatment of pending appeals when a convicted criminal flees state custody while an appeal is pending. In *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Supreme Court refused to adjudicate the claim of an appellant who had failed to surrender himself to state authorities after his bail had been revoked. The Court stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the

defendant to call upon the resources of the Court for determination of his claims. *Id.* at 366, 90 S.Ct. at 498.

*Molinaro* was relied upon by the Court in *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), which expanded *Molinaro* to include dismissal of a pending appeal after the recapture of the appellant. In so holding the *Estelle* Court referred to the settled practice in the Court of "declining to review the convictions of escaped criminal defendants." *Id.* at 537, 95 S.Ct. at 1175.

■ The law in this circuit is clear that a criminal defendant abandons his appeal by escaping from the custody of the state while the appeal is pending. In *Joensen v. Wainwright,* 615 F.2d 1077 (5th Cir.1980), a federal district court dismissed the petition for habeas corpus of one who had escaped from the custody of Florida officials while his state court appeal was pending. Upon his escape the state court had dismissed his pending appeal. When appellant moved to reinstate that appeal following his capture, the state court denied that motion as well. The Fifth Circuit rejected appellant's argument that the state court should not have denied his motion for reinstatement without finding that he had knowingly abandoned or waived his right to an appeal, *id.* at 1078, and held that a criminal defendant abandons his appeal by escaping while the appeal is pending. *Id.* at 1080 (*citing Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975)).

Similarly, in *Strickland v. Hopper,* 571 F.2d 275 (5th Cir.1978), *cert. denied,* 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1979), a federal district court declined to reach the merits of a particular claim on the ground that the claim had been raised in petitioner's motion for new trial in the state system and had been dismissed by the state court when petitioner escaped from prison authorities. The appellate court found that the prisoner's escape during the pendency of the motion constituted a deliberate by-

pass of state procedure. *Id.* at 276. Relying on *Fay v. Noia,* the court reasoned that "even though his action was uncounseled, in a very practical sense petitioner knowingly abandoned the privilege of seeking in state court to vindicate his federal claims." Therefore, the court held, the federal court was within its discretion in denying habeas relief. *Id.*

Recently the Eleventh Circuit in *United States v. Holmes,* 680 F.2d 1372 (11th Cir. 1982), addressed the question whether a convict who flees before sentencing has a right to an appeal after he is captured and sentenced. Relying upon the Supreme Court's decision in *Molinaro,* the court held that a defendant who flees after conviction, but before sentencing, abandons or waives his right to appeal from the conviction unless he can establish that his absence was due to matters completely beyond his control. *Id.* at 1373.

Appellant argues that the magistrate in the court below erred in relying upon *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to determine that his escape constituted a deliberate by-pass of the State's orderly procedures for post conviction review. Appellant maintains that the magistrate should have applied the comprehensive and knowing test of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), to find that appellant had not waived his right to post conviction review but rather had escaped because he faced a "grisly choice" in electing to escape the inhumane conditions of the prison.

Appellant's arguments are not persuasive. Regardless of which waiver standard is applied, they do not distinguish this case from the clear trend in the case law that an escapee waives his right to pursue post conviction relief from the court from whose jurisdiction he fled. Even assuming that appellant's grisly choice argument had merit, the fact that he never attempted to surrender or return to the custody of state officials, but rather persisted as a fugitive until his capture a year later, destroys any

credibility that appellant's necessity argument might have. *United States v. Bailey,* 444 U.S. 394, 413, 100 S.Ct. 624, 636, 62 L.Ed.2d 575 (1980) (When a criminal defendant claims necessity or duress as the reason for his escape, he must proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity has lost its coercive force.).

We hold, therefore, that appellant's escape constituted a procedural waiver of his right to seek relief from the state court, thus precluding the exhaustion of state remedies and foreclosing his right to federal review of his habeas claims.

### B. FRCP 60(b)(6)

Federal Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. In pertinent part, the rule authorizes a court to vacate a judgment upon motion and upon such terms as are just for (b)(1) mistake or excusable neglect, (b)(2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b),[2] ... or (b)(6) any other reason justifying relief from the operation of the judgment.

■■■ Appellant argues that the magistrate improperly applied the law under Rule 60(b) by determining that clause (6), the residual clause, could be applied to the instant case to justify rescission of his December 14, 1979, order. Appellant correctly asserts that under the case law a court may not consider as reasons justifying relief under clause (6) any of the reasons justifying relief under the other five subsections of the rule. *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949).

The facts indisputably show that by November 13, 1979, long before it agreed to

the consent judgment, the State knew that appellant had escaped from the state penitentiary. This knowledge, despite the State's assertions of a "mistake of fact" would seem to place the State's motion into one of the first two clauses of Rule 60(b). Clearly, the State was not mistaken or uninformed about the escape, nor was the fact of the escape new evidence that, by the exercise of due diligence, could not have been discovered in time for the State to comply with the ten day time restriction in Rule 59(b). Not only did the State have this information at least one month before the consent judgment, but also the State advised the magistrate within ten days of the December 14, 1979, judgment that it intended to file a post trial motion but no motion was filed until after the expiration of the ten days.

The case sub judice, however, involves considerations that do not arise in the ordinary civil case. By its terms, Rule 60(b) does not address the requirement of exhaustion of state remedies as a prerequisite for federal habeas review. Any determination of the appropriateness of federal habeas review must involve a consideration of the exhaustion requirement. FRCP 81(a)(2) provides that the Federal Rules of Civil Procedure are applicable to habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States." Since the exhaustion requirement is statutorily codified in 28 U.S.C. § 2254, the limitations of Rule 81(a)(2) require that Rule 60(b) be read in light of the exhaustion requirement. *See Pitchess v. Davis,* 421 U.S. 482, 489, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1974) ("Since the exhaustion requirement is statutorily codified, even if Rule 60(b) could be read to apply to this situation, it could not alter the statutory command" of Rule 81(a)(2)).

We therefore hold that the magistrate in the court below properly applied the residu-

---

**2.** Federal Rule 59(b) provides that motions for a new trial be served not later than ten days after the entry of the judgment.

al clause of Rule 60(b) to rescind the consent judgment and order of December 14, 1979. By escaping, appellant waived his right to pursue his state court remedies and therefore his right to petition the federal court for habeas corpus review. This Court cannot allow appellant to circumvent the exhaustion requirement and benefit from having escaped the custody of state authorities.

AFFIRMED.