**UNITED STATES of America, Plaintiff,**

v.

**Jeffrey Brent COLLINS, Defendant.**

**Nos. 86–6008–CR, 86–7025–CIV.**

United States District Court,
S.D. Florida.

Jan. 14, 1987.

Leon B. Kellner, U.S. Atty., and David A. Acton, Asst. U.S. Atty., S.D. Florida, for U.S.

John S. Berk, Fort Lauderdale, Fla., for Jeffrey Brent Collins.

ORDER VACATING PREVIOUS ORDER, REINSTATING GUILTY PLEA AND ORDER OF JUDGMENT AND COMMITMENT, DISMISSING HABEAS PETITION WITHOUT PREJUDICE, AND REMOVING CASE FROM TRIAL CALENDAR

PAINE, District Judge.

This cause comes before the court on its own motion.

Jeffrey Brent Collins and co-defendant Lana Sue Harris were charged in a seven-count superseding indictment with, *inter alia*, conspiring to commit currency reporting violations (DE 51). Collins eventually pled guilty to one count (DE 64) and was sentenced to five years' imprisonment and a fine of $250,000 (DE 73). He was assigned to the Federal Prison Camp at Eglin Air Force Base, Florida, and surrendered to the custody of the Attorney General on September 24, 1986 (DE 85).

Collins subsequently filed a motion for reduction and correction of sentence pursuant to Fed.R.Crim.P. 35 and a petition for habeas corpus pursuant to 28 U.S.C. § 2255 (1982) to vacate his guilty plea and sentence. Collins alleged that the court failed to comply with Fed.R.Crim.P. 11 in accepting his guilty plea because at the time of the plea the court informed him that the maximum possible fine was $10,000. Collins also asserted that the Assistant United States Attorney violated the terms of the plea agreement when he made recommendations to the court at sentencing. The Government did not respond.

On December 24, 1986, the court received a letter from the superintendent of the prison camp to which Collins had been assigned. The letter advised that on December 18 Collins had failed to return to the camp from his work detail and had been placed on escape status (DE 93).

On December 29, 1986, the court entered an order granting the habeas petition because at the time of the plea Collins was not fully informed as to the maximum possible penalty. The court also vacated the order of judgment and commitment, set the case for trial, and denied the Rule 35 motion as moot (DE 92).

Several weeks have elapsed since the court overturned Collins' conviction. The Government has not moved for rehearing. Collins remains a fugitive. The court has on its own initiative reconsidered the circumstances preceding the granting of habeas corpus. Having concluded that the December 29 order was founded on faulty legal ground, the court now reverses itself by vacating that order and reinstating Collins' conviction.

The court begins with the long-established principle that fugitives from justice are not permitted to attack their convictions. In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam), the Supreme Court refused to adjudicate the merits of a direct appeal from a criminal conviction on the ground that the defendant was a fugitive. The Court stated:

No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review

escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claim. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U.S.C. § 1257(2), we conclude ... that the Court has the authority to dismiss the appeal on this ground.

*Id.* at 366, 90 S.Ct. at 498–99. The law in the Eleventh Circuit is clear that a criminal defendant abandons his appeal by escaping from custody while the appeal is pending. *Hall v. Alabama,* 700 F.2d 1333, 1337 (11th Cir.) (escape from state custody constituted procedural waiver of right to seek relief from state court from underlying conviction, thus precluding exhaustion of state remedies and foreclosing right to federal habeas review), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *see also United States v. Holmes,* 680 F.2d 1372, 1373 (11th Cir.1982) (per curiam) (defendant who flees after conviction but before sentencing waives or abandons right to appeal from that conviction unless he establishes that absence was due to matters completely beyond his control), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983). This principle is akin to the doctrine of standing. *See United States v. Sharpe,* 470 U.S. 675, 105 S.Ct. 1568, 1595, 84 L.Ed.2d 605 (1985) (Stevens, J., dissenting).

So far as the court can discern, whether an incarcerated defendant who files a Rule 35 motion and section 2255 petition and escapes before ruling thereby abandons that motion and petition is a question of first impression. Nonetheless, the issue is well-bounded by analogous persuasive authority. Although habeas corpus is a civil proceeding and the question of a fugitive's access to the federal courts usually arises in the context of criminal actions, most courts have held that a fugitive is barred from instituting civil litigation as well. "It is clear that while a plaintiff 'remains a fugitive from federal justice he may not call upon the resources of the court to adjudicate his claim.'" *Brin v. Marsh,* 596 F.Supp. 1007, 1009 (D.D.C.1984) (quoting *Doyle v. United States Department of Justice,* 668 F.2d 1365 (D.C.Cir.1981), *cert. denied,* 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982)). The Second and Ninth Circuits have held that the *Molinaro* disentitlement doctrine barred intervention by fugitives in civil forfeiture proceedings. *See United States v. $129,374 in United States Currency,* 769 F.2d 583, 587 (9th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986); *but see United States v. $83,320 in United States Currency,* 682 F.2d 573, 576 (6th Cir.1982) (*Molinaro* does not mandate dismissal of appeal in civil forfeiture case).

■ Because a federal habeas petition, although civil in nature, is so intimately connected with the underlying criminal conviction and so similar to a direct appeal in a criminal case, the court will apply the rule governing criminal appeals. This approach is supported by the Eleventh Circuit's language in *Hall* that "the clear trend in the case law [is] that an escapee waives his right to pursue *post conviction relief* from the court from whose jurisdiction he fled." *Hall,* 700 F.2d at 1337 (emphasis added). Such an approach, moreover, fulfills the purposes underlying the rule that an appellate court may dismiss the appeal of a criminal defendant who becomes a fugitive after filing an appeal, that is, to discourage escape and to promote the efficient, dignified operation of courts of appeal. *United States v. London,* 723 F.2d 1538, 1540 (11th Cir.) (Johnson, J., dissenting), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984).

The court is of the view that it may dismiss the Rule 35 motion and section 2255 petition with prejudice. *See United States v. Amado,* 754 F.2d 31, 32 (1st Cir. 1985); *cf. Joensen v. Wainwright,* 615 F.2d

1077, 1079 (5th Cir.1980).[1] In such cases, however, the appellate courts have left room for the exercise of discretion. *See United States v. Snow,* 748 F.2d 928, 930 (4th Cir.1984). For the present, the court will dismiss the Rule 35 motion and habeas petition without prejudice but may decline to rehear the arguments presented in the instant motion and petition depending upon the circumstances of Collins' capture or surrender.

As a final matter, the court regrets having granted the relief Collins requested and subsequently vacating that order sua sponte. The court became aware of Collins' escape on Wednesday, December 24, Christmas Eve, and entered its order on Monday, December 29, one working day later. In fact, the December 29 order had been prepared before the court received the letter concerning the escape. Now that the dust has settled, the court believes that justice is better served by a sua sponte reversal than by allowing a legal wrong to stand. This is particularly true when one considers that Collins had escaped before the court filed its December 29 order and therefore could not have relied on the conviction being overturned when he engineered his own release.

It is therefore

ORDERED and ADJUDGED that the court's order filed December 29, 1986 (DE 2 in Case No. 86–7025–CIV–PAINE and DE 92 in Case No. 86–6008–CR–PAINE), granting defendant's motion to vacate sentence and plea of guilty, vacating the plea of guilty to Count I and the ensuing sentence, setting the case for trial on January 26, 1987, and denying as moot defendant's motion for reduction and correction of sentence, is vacated in its entirety and shall be of no further force and effect. It is further

ORDERED and ADJUDGED that Collins' plea of guilty to Count I of the superseding indictment (DE 64 in Case No. 86–6008–CR–PAINE) is reinstated. It is further

ORDERED and ADJUDGED that the order of judgment and commitment sentencing Collins to five years' imprisonment, a $250,000 committed fine, and a $50 special assessment (DE 73 in Case No. 86–6008–CR–PAINE) is reinstated. It is further

ORDERED and ADJUDGED that Collins' motion for reduction and correction of sentence (DE 90 in Case No. 86–6008–CR–PAINE) is denied without prejudice. It is further

ORDERED and ADJUDGED that Collins' motion to vacate sentence and plea of guilty (DE 1 in Case No. 86–7025–CIV–PAINE) is dismissed without prejudice. The Clerk is directed to reopen and to close the file in *Jeffrey Brent Collins v. United States,* Case No. 86–7025–CIV–PAINE. It is further

ORDERED and ADJUDGED that this case is removed from the January 26, 1987 trial calendar and assigned to the fugitive file.

---

**1.** Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).