834 F.2d 920
 Dale E. BIRDSELL, Petitioner-Appellant,
v.
The STATE OF ALABAMA and Attorney General of the State of
Alabama, Respondents-Appellees.
Dale E. BIRDSELL, Petitioner-Appellant,
v.
The STATE OF ALABAMA and Attorney General of the State of
Alabama, Respondents-Appellees.
 No. 86-7664
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 21, 1987.
 
 Dale E. Birdsell, pro se.
 Honorable Don Siegelman, Atty. Gen., Rivard Melson, Montgomery, Ala., for respondents-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before HILL, FAY and KRAVITCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dale E. Birdsell, a federal inmate presently incarcerated in Oklahoma on convictions of conspiracy and transporting fraudulent securities, filed petitions[1] for habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the Middle District of Alabama. His petitions challenged the legality of two 1960 Alabama convictions on the grounds that (1) they were obtained in violation of his right to counsel, and (2) he was not mentally competent to stand trial at the time. The district court dismissed Birdsell's petitions for lack of jurisdiction. We affirm.
 
 
 2
 Petitioner was convicted in the Circuit Court of Montgomery County, Alabama, in 1960, on two counts of felony false pretenses. He was sentenced to forty-four months of prison. After approximately two years, he was placed on probation for each offense for a period of two years. Birdsell contends that because the Probation Department of Montgomery County, Alabama has never issued a formal certificate of discharge to him, he is still effectively "in custody" under the 1960 Alabama convictions, as his probation could be revoked at any time and he could be compelled to serve the remainder of his Alabama sentences.[2]
 
 
 3
 Petitioner is correct that he must be "in custody" within the district of the federal court in which the 28 U.S.C. Sec. 2254 habeas petition is brought in order to vest that court with jurisdiction over the petition.[3] Title 28, section 2254(a) of the United States Code provides:
 
 
 4
 The Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States.
 
 
 5
 In Carafas v. LaVallee, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968), the Supreme Court held that the expiration of the petitioner's sentence before his application for habeas relief was fully adjudicated and while it was awaiting appellate review did not terminate federal jurisdiction with respect to the petition because "the statute does not limit the relief that may be granted to discharge of the applicant from physical custody." As the petitioner was continuing to suffer "serious disabilities because of the law's complexities and not because of his fault," his claim could be heard in federal court under the habeas jurisdiction. Id. The "custody" requirement has also been satisfied by a petitioner on parole, see, e.g., Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); released on personal recognizance, Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); or challenging a future, consecutive sentence, Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Additionally, an unexpired suspended sentence, if it carries the possibility of revocation or other adverse action, may provide the basis for federal habeas relief in the state which imposed the sentence. See, e.g., Sammons v. Rodgers, 785 F.2d 1343, 1345 (5th Cir.1986). Hence, so long as petitioner sufficiently claims that Alabama, through its use of his allegedly unconstitutional convictions, will subject him to future detention through revocation of his probation, he will come within the jurisdiction of 28 U.S.C. Sec. 2254.
 
 
 6
 With regard to his claim that Alabama in the future could subject him to confinement based upon his 1960 convictions, petitioner does not meet the custody requirement. Petitioner argues that although he is incarcerated in Oklahoma, Alabama officials also have custody over him. He contends that because he violated the terms of his Alabama probation,[4] and because he never received a certificate of discharge from Alabama, that Alabama can reassert its authority over him at any time and force him to serve the duration of his 1960 prison terms. The magistrate's findings, adopted by the district court, indicated that "Petitioner has completed serving his Alabama sentences and is not wanted by that state on any additional charges." Birdsell contends that this finding is not supported by substantial evidence. Under Alabama law, however, even if the Alabama authorities never officially discharged petitioner, they would be powerless at this time to reassert any control over him. Section 15-22-54 of the Alabama Code provides that "in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years, nor shall the maximum probation period of a defendant guilty of a felony exceed five years." Moreover, the Alabama courts require that an arrest, either on a warrant issued by an Alabama court or a written statement by a probation officer, is a prerequisite to revocation of probation. Wilson v. State, 417 So.2d 627 (Ala.Crim.App.1982). As petitioner was not arrested by Alabama officials during the pendency of his probationary period, Alabama cannot be said to have revoked his probation. Moreover, as more than fifteen years have elapsed since the expiration of his maximum probationary period, Alabama cannot now attempt to reassert its authority over him. Thus, as petitioner has completely served his Alabama sentences and because his Alabama probation cannot now be revoked, he is not "in custody" in Alabama within the meaning of 28 U.S.C. Sec. 2254, and the district court properly dismissed those claims for lack of jurisdiction.
 
 
 7
 Petitioner also contends that his current federal sentence has been improperly enhanced on the basis of the 1960 convictions. Such a challenge, however, should be brought as a motion pursuant to 28 U.S.C. Sec. 2255 in the federal district court which sentenced petitioner.[5] See, e.g., Harris v. Ingram, 683 F.2d 97, 98 (4th Cir.1982) (Claim that petitioner's prior, fully expired Virginia sentence was used to enhance his current federal sentence could not be brought in a Virginia district court because petitioner was not in custody there, but could be brought, "if at all, in an appropriate proceeding such as one under 28 U.S.C. Sec. 2255.").
 
 
 8
 Accordingly, the district court properly dismissed petitioner's claims for lack of jurisdiction.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Birdsell filed two petitions, one attacking each of his 1960 Alabama convictions. The magistrate consolidated the petitions on Birdsell's motion
 
 
 [2]
 Birdsell claims that he violated the terms of his Alabama probation during its pendency. Although Alabama has never made any attempt to revoke his probation, he contends that the State may do so at any time
 
 
 [3]
 This is not to say that there cannot be a transfer of venue in order to take advantage of a more convenient forum. See, e.g., Aziz v. LeFerve, 830 F.2d 184, 186 (11th Cir.1987)
 
 
 [4]
 See supra note 2
 
 
 [5]
 Section 2255 of Title 28 of the United States Code provides in part:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 This statute was enacted in response to the practical problems that had arisen from requiring, pursuant to 28 U.S.C. Sec. 2241, federal prisoners to bring challenges to their convictions in the district of their confinement: "the few district courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts, the homes of the witnesses and the records of the sentencing court solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14, 72 S.Ct. 263, 269, 96 L.Ed. 232 (1952) (footnote omitted). Accordingly, Sec. 2255 was intended "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." Id., 342 U.S. at 219, 72 S.Ct. at 272 (footnote omitted). In Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974), the Court reaffirmed "that Sec. 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."