**Fred B. STACEY, Jr., Petitioner–Appellant,**

v.

**WARDEN, APALACHEE CORRECTIONAL INSTITUTION, Respondent–Appellee.**

No. 86–7865.

United States Court of Appeals, Eleventh Circuit.

Sept. 2, 1988.

Fred B. Stacey, Jr., Crestview, Fla., pro se.

Peter F. Burns, Mobile, Ala., for Fred B. Stacey, Jr.

Don Siegelman, Atty. Gen., Jane L. Brannan, Alice Wilhelm, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Before KRAVITCH, Circuit Judge, and HENDERSON * and HENLEY **, Senior Circuit Judges.

PER CURIAM:

## I.

In 1975, Fred Stacey was convicted of robbery in Alabama and sentenced to 30 years imprisonment. He did not appeal his conviction. After serving approximately one year of his term, Stacey escaped from prison and fled to Florida, where he was again convicted of robbery and sentenced to 104 years imprisonment. In October of 1985, while imprisoned in Florida, Stacey filed a petition for a writ of *error coram nobis* with the Circuit Court of Escambia County, Alabama, alleging ineffective assistance of counsel at trial. On the state's motion and without a hearing, the court denied the petition, noting that it had "carefully considered" the grounds raised by petitioner. The Alabama Court of Criminal Appeals affirmed the dismissal without opinion.

In June of 1986, Stacey filed a petition for federal habeas corpus relief in the Southern District of Alabama, again raising a claim of ineffective assistance of counsel. The state conceded in its answer to the petition that "Stacey has exhausted state remedies and is properly before this court." Nevertheless, upon the magistrate's recommendation, the district court held that under *Hall v. Alabama,* 700 F.2d 1333 (11th Cir.), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983), Stacey's escape from Alabama custody precluded him from exhausting state remedies and therefore barred federal habeas review. Accordingly, the court dismissed Stacey's habeas petition without an evidentiary hearing and this appeal followed.

## II.

### A.

Although not raised below, there is an issue as to whether the district court

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

had subject matter jurisdiction over Stacey's habeas petition. We must consider this issue because subject matter jurisdiction cannot be waived. *Aziz v. LeFevre*, 830 F.2d 184, 186 (11th Cir.1987). Stacey must be "in custody" in Alabama for the district court to have subject matter jurisdiction over a habeas petition attacking Stacey's Alabama conviction. 28 U.S.C. § 2254(a); *Birdsell v. Alabama*, 834 F.2d 920, 921 (11th Cir.1987). Although a petitioner need not be physically "in custody" for subject matter jurisdiction to attach, *Carafas v. LaVellee*, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968), the state must exercise some control over the petitioner to satisfy the "in custody" requirement, *see Birdsell*, 834 F.2d at 921–22 (habeas petitioner who completed Alabama prison sentence and whose Alabama probation could not be revoked, was not "in custody" in Alabama); *Aziz*, 830 F.2d at 186 (Florida district court had subject matter jurisdiction over habeas petition brought by New York prisoner because petition attacked validity of prior Florida conviction used to enhance New York sentence). The precise issue in this case is whether Stacey, who escaped from an Alabama prison after serving only one year of a 30 year sentence, is sufficiently "in custody" in Alabama to give the district court subject matter jurisdiction over his habeas petition.

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) provides some guidance on this issue. The petitioner in *Braden* escaped from the custody of Kentucky officials while awaiting trial on an indictment returned by a Kentucky grand jury and remained at large until his arrest in Alabama three months later. Convicted of certain unspecified felonies in Alabama, the petitioner was sentenced to Alabama state prison, where he was confined when he filed a federal habeas corpus petition attacking the validity of the Kentucky indictment, which supported a detainer lodged against him by officials of that state. Reasoning that the Alabama warden acted as Kentucky's agent in holding the petitioner pursuant to the Kentucky detainer, the Supreme Court concluded that the petitioner was sufficiently "in custody" in Kentucky for purposes of 28 U.S.C. § 2241(c)(1).[1] *Id.* at 489 n. 4, 93 S.Ct. at 1126 n. 4. The Court explicitly declined to decide whether the petitioner would satisfy the "in custody" requirement if Kentucky had not lodged a detainer against him. *Id.* at 489 n. 4, 93 S.Ct. at 1126 n. 4.

At oral argument, Stacey's lawyer stated that he thought Alabama had lodged a detainer warrant against his client; the written record, however, does not support this conjecture, although the state may have lodged the detainer warrant after the record was filed. We remand for the district court to determine whether Alabama has lodged a detainer warrant against Stacey. If so, under *Braden*, Stacey is sufficiently within Alabama's custody to give the district court subject matter jurisdiction over Stacey's habeas petition. If not, the district court must dismiss the petition without prejudice for lack of subject matter jurisdiction, because we doubt that Stacey can be considered "in custody" in Alabama on the facts established thus far. Although the Supreme Court in *Braden* did not foreclose the possibility that a petitioner in Stacey's position could be "in custody" even in the absence of a detainer warrant, we have found no authority, and discern no rationale, for extending *Braden* to the facts of this case. *Cf. Gonzales v. Stover*, 575 F.2d 827 (10th Cir.1978) (district court in New Mexico did not have subject matter jurisdiction over habeas petition filed by person who was a fugitive from justice in New Mexico).

---

1. Pre-trial habeas petitions, such as the one filed in *Braden*, are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987). Section 2254, in contrast, applies only to post-trial situations and affords relief to a petitioner "in custody pursuant to the judgment of a state court." *Id.* (quoting 28 U.S.C. §§ 2254(a) & (b)).

### B.

■ Because the district court may determine that it does have subject matter jurisdiction over Stacey's habeas petition, we address Stacey's argument that the district court erred in relying upon *Hall* to dismiss his habeas petition.[2] *Hall*, the petitioner in that case, had escaped from an Alabama prison while his direct appeal was pending. In accordance with Alabama law, his appeal was dismissed. Later, after *Hall* had been captured and reconfined, he filed numerous motions in state court seeking post-conviction relief, all of which were denied without opinion. He then filed a petition for habeas corpus in federal district court, alleging that he was indicted by a constitutionally infirm grand jury. The district court dismissed the petition and this court affirmed, holding that *Hall*'s escape constituted a procedural waiver of his right to seek relief from the state court, thus precluding the exhaustion of state remedies and foreclosing his right to federal review of his habeas claim. 700 F.2d at 1338.

In *Snowden v. Johnson*, No. 84–7069 (11th Cir. Jan. 14, 1985) (unpublished opinion), we clarified our holding in *Hall*. Snowden, like *Hall*, escaped from an Alabama prison while his direct appeal was pending, and consequently, his appeal was dismissed. Following his capture, Snowden filed state post-conviction proceedings, which were denied. He then petitioned for federal habeas review, asserting six grounds for relief, including a claim of ineffective assistance of counsel.[3] The district court denied relief, holding that Snowden, by escaping, had waived his right to raise the grounds alleged in his petition. On appeal, we held that Snowden was entitled to raise his ineffective assistance claim in federal court, as this claim was not reviewable on direct appeal and therefore was not waived when Snowden escaped.[4] *Snowden*, not *Hall*, controls the disposition of Stacey's ineffective assistance of counsel claim; thus, the district court erred in determining that Stacey had waived his claim of ineffective assistance when he escaped.[5]

### C.

The state argues that even if Stacey exhausted his state remedies, he is nevertheless procedurally barred from federal habeas review under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny. In *Wainwright*, the Supreme Court held that a state court's refusal to consider the merits of a criminal defendant's federal constitutional claim because the defendant failed to comply with a legitimate state procedural rule at trial is an independent and adequate state ground for denying relief. The claim therefore is immune from federal review absent a showing of cause for the procedural default and prejudice from the alleged constitutional errors. Later cases have extended the *Wainwright* rule to procedural defaults on direct appeal, *see Murray v. Carrier*,

---

**2.** In addition to arguing that *Hall* is not controlling on the facts of this case, Stacey argues that it was wrongly decided and should be overruled. We need not reach this issue, as we agree that *Hall* is distinguishable on its facts.

**3.** In addition to the ineffective assistance claim, Snowden alleged (1) lack of probable cause for his arrest; (2) impermissibly suggestive identification procedures; (3) insufficient evidence for conviction; (4) improper jury instructions; and (5) denial of an attorney at his lineup. *Snowden*, slip op. at 2.

**4.** We upheld the district court's disposition of the other five claims for relief. *Id.*

**5.** Stacey also argues that the district court erred in ignoring the state's waiver of the exhaustion requirement. According to Stacey, as the exhaustion doctrine is one of comity and not jurisdiction, the district court had no right to question exhaustion *sua sponte*. Having concluded, for other reasons, that the district court erred in dismissing Stacey's petition, we need not decide this issue.

We also decline to consider Stacey's remaining argument that Alabama denied him due process and equal protection by failing to hold an evidentiary hearing on his *coram nobis* petition. This argument is nothing more than an attempt to convince this court that Stacey is entitled to a new trial because he received ineffective assistance of counsel at his first trial. As we have remanded to the district court for full consideration on the merits of Stacey's ineffective assistance claim, it is unnecessary for us to consider this argument now.

477 U.S. 478, 106 S.Ct. 2639, 2647, 91 L.Ed. 2d 397 (1986), and during state collateral attack proceedings, *see Presnell v. Kemp*, 835 F.2d 1567, 1580 (11th Cir.1988); *Gray v. Greer*, 800 F.2d 644, 647 (7th Cir.1986); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir.1986); *Ewing v. McMackin*, 799 F.2d 1143, 1150–51 (6th Cir.1986).

 According to the state, the Circuit Court of Escambia County dismissed Stacey's *coram nobis* petition on procedural grounds, and the federal court therefore is barred from reviewing Stacey's ineffective assistance claim absent a showing of cause for the default and prejudice resulting from counsel's alleged ineffective assistance. We disagree. The Alabama Circuit Court, in dismissing Stacey's *coram nobis* petition, stated that it had "carefully considered" Stacey's claims. Nowhere in its order denying relief does the court even mention a procedural rule. The state, however, argues that the court's denial of *coram nobis* could have been based either on Stacey's failure to directly appeal his conviction before seeking *coram nobis* review or on his ten year delay following his conviction before seeking *coram nobis* review.

The state's argument confuses the law of procedural bar. *Wainwright* does not apply unless the state has disposed of a case on independent and adequate state procedural grounds. *See* 433 U.S. at 81–83; 97 S.Ct. at 2503–04. Even if there is some procedural rule that theoretically could have barred state review, the federal court is free to review the merits of a claim unless the state actually refused review based on the procedural rule. *See Dobbert v. Strickland*, 718 F.2d 1518, 1524 (11th Cir.1983), *cert. denied*, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984); *see also Oliver v. Wainwright*, 795 F.2d 1524, 1528 (11th Cir.1986) (where state court declined to specify whether it had reached merits, federal court should reach merits), *cert. denied*, 480 U.S. 921, 107 S.Ct. 1380, 94 L.Ed.2d 694 (1987). Here, as the state court did not rely on procedural grounds in denying Stacey's *coram nobis* petition, there is no need for Stacey to demonstrate

cause and prejudice before the district court can hear his ineffective assistance claim.

Accordingly, we REVERSE the district court's dismissal on non-exhaustion grounds of Stacey's habeas petition and REMAND for further proceedings consistent with this opinion.