We granted our writ of certiorari in this case to determine whether Subel's rights *Page 16 
were violated when he was denied his "good time" status for violation of rules regulating the Supervised Intensive Restitution ("SIR") program.
However, while this case was pending here, Subel escaped. He thereby abandoned his appeal and his petition for certiorari.Jett v. State, 46 Ala. App. 290, 241 So.2d 131 (1970), and Hallv. Alabama, 700 F.2d 1333 (11th Cir. 1983), cert. denied,464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983).
The fact that Subel was subsequently recaptured does not alter the fact that his appeal was due to be dismissed in accordance with the above authorities. Had Subelvoluntarily returned to custody prior to the dismissal of his case, then Jett and Hall, supra, may have provided for a different result.
The writ is due to be quashed.
WRIT QUASHED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.