ON REHEARING
PATTERSON, Judge.
Appellant, Carlos Jack Subel, was convicted by a Baldwin County jury on May 19,1988, for the crimes of rape and sodomy in the first degree. Ala.Code 1975 §§ 13A-6 — 61 and -63. On June 3, 1988, prior to sentencing, he escaped from confinement at Fountain Correctional Center by cutting *405 through a fence and fleeing in a stolen vehicle. He was subsequently apprehended in the State of Texas and was returned to Alabama. On September 1, 1989, he was sentenced, as a habitual offender, to life imprisonment without the possibility of parole, in each case. The sentences were ordered to run consecutively. He filed a notice of appeal on September 17, 1989; he appeals from his convictions and sentences.
The state filed a motion with this court on June 20, 1990, moving for a dismissal of the appeal because, it argued, appellant “forfeited his right to appeal when, after conviction, he escaped from custody and fled the State of Alabama.” In support of its motion, the state moves that we take judicial notice of our records in Subel v. State, 564 So.2d 114 (Ala.Cr.App.1990), and Ex parte Subel, 541 So.2d 15 (Ala.1989), which contain evidence of the escape. We take judicial notice of those records and find that they fully support the allegations of escape in the state’s motion.
On June 29, 1990, without ruling on the state’s motion, we affirmed the convictions and sentences. No opinion was issued. 567 So.2d 1375 (Ala.Cr.App.1990). On July 11, 1990, the state applied for a rehearing, asking this court to withdraw its affirmance and to dismiss the appeal because of appellant’s escape. We find merit in part of the state’s contention. We believe that our affirmance of the convictions should be withdrawn and the appeal, as it relates to the convictions, dismissed.
In the instant case, appellant escaped after his convictions, but was apprehended prior to sentencing and prior to filing notice of appeal. We find no Alabama case with this exact factual situation; however, we have held that, by escaping following conviction and during pendency of an appeal, a defendant abandons his right to pursue his appeal after his recapture, Young v. State, 518 So.2d 822 (Ala.Cr.App.1987), cert. denied, 488 U.S. 834, 109 S.Ct. 93, 102 L.Ed.2d 69 (1988). See also Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); Hall v. Alabama, 700 F.2d 1333 (11th Cir.1983), cert. denied, 464 U.S. 859; 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); Ex parte Subel, 541 So.2d 15 (Ala.1989).
The United States Court of Appeals of the Eleventh Circuit had occasion to consider the issue with which we are here confronted, in United States v. Holmes, 680 F.2d 1372 (11th Cir.1982), cert. denied, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), wherein the court stated the following:
“We hold that a defendant who flees after conviction, but before sentencing waives his right to appeal from the conviction unless he can establish that his absence was due to matters completely beyond his control. Such a defendant does not waive his right to appeal from any alleged errors connected to his sentencing.
[[Image here]]
“ ‘The Supreme Court stated in Molinaro [v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970)]:
“ ‘No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it dis-entitles the defendant to call upon the resources of the Court for determination of his claims.’
“[Id.] at 366 [90 S.Ct. at 498-99].... This reasoning is equally forceful whether the defendant flees before or after sentencing. Were we to hold otherwise, criminal defendants who flee prior to sentencing would be permitted upon apprehension to seek relief from the very legal system that they previously had seen fit only to defy. Such a result would fly in the face of common sense and sound reason.”
See also United States v. London, 723 F.2d 1538 (11th Cir.1984) (wherein the court granted the Government’s motion to dismiss appellant’s appeal on the ground that *406 the appellant escaped during his trial and did not appeal until after his sentence, which was imposed upon his recapture nearly three years after trial). We believe that the policy considerations underlying the dismissal of the appeals in Young v. State and Ex parte Subel justify our adoption of the holding in United States v. Holmes and, consequently, our dismissal of the appeal of appellant’s conviction. From our examination of the pertinent records of which we have taken judicial notice, we find that the record refutes any possible contention that appellant’s absence was beyond his control. Moreover, the record offers absolutely no indication that appellant ever attempted to surrender or return to the custody of the state. Thus, any argument that appellant’s escape was necessary would be incredible. See Hall v. Alabama, 700 F.2d at 1337-38. We hold that appellant, by becoming a fugitive following his convictions, abandoned his right to pursue the appeal of his convictions for rape and sodomy. The state’s motion to dismiss the appeal of his convictions is granted.
However, following United States v. Holmes, we do not consider that appellant waived his contention that he did not receive reasonable notice of the state’s intent to proceed under the Habitual Felony Offender Act in the sentencing phase of his trial. The record clearly indicates that appellant and his counsel had, in fact, received copies of appellant’s prior convictions from the district attorney’s office several weeks preceding the sentencing hearing. In addition, the district attorney informed appellant and counsel of his intent to proceed under the Act by using the above mentioned copies of appellant’s prior convictions. Based on the record before us, we find that the state had more than satisfied the reasonable notice requirements set out in A.R.Crim.P.Temp. 6(b)(3)(ii). See Ex parte Williams, 510 So.2d 135 (Ala.1987); Humber v. State, 481 So.2d 452 (Ala.Cr.App.1985).
The record reveals that appellant’s prior convictions were proven by certified minute entries which reflected that appellant was represented by counsel during those prior proceedings. This method is a proper and well accepted manner of proving prior convictions under the Act. See Montgomery v. State, 504 So.2d 370, 372 (Ala.Cr.App.1987), and cases cited therein.
Based on the foregoing, the appeal of the judgments of conviction is dismissed, and as to the sentences the judgments are affirmed.
REHEARING GRANTED; APPEAL OF JUDGMENTS OF CONVICTION DISMISSED; JUDGMENTS AFFIRMED AS TO SENTENCES.
All Judges concur.