GODBOLD, Senior Circuit Judge,
Concurring Dubitante:
I concur in the result reached in Judge Birch’s opinion for the court. In doing so, however, I express my doubts whether a person on parole may challenge only the restitution portion of his sentence by a § 2255 motion. For collateral relief purposes a prisoner on parole is “in custody”. But Blaik does not seek release from parole, only a diminution of his monetary obligation to make restitution. There is substantial authority that § 2255 is not available for this purpose. Section 2255 itself speaks of a prisoner’s “claiming the right to be released.” See also U.S. v. Watroba, 56 F.3d 28, 29 (6th Cir.), cert. denied, — U.S. -, 116 S.Ct. 269, 133 L.Ed.2d 191 (1995); U.S. v. Gaudet, 81 F.3d 585, 592 (5th Cir.1996); Smullen v. U.S., 94 F.3d 20 (1st Cir.1996). This court has recognized that the custody requirement is satisfied by a petitioner who is on parole. Birdsell v. Alabama, 834 F.2d 920, 921 (11th Cir.1987); Battle v. Thomas, 923 F.2d 165, 166 (11th Cir.1991). But in neither of these cases was the defendant challenging a restitution order.