[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15489
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00485-WTH-TBS


JAMES R. YOUNG,

                                                         Petitioner–Appellant,

versus

WARDEN, FCC COLEMAN,

                                                         Respondent–Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 13, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

James Young, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2241, and its denial of his Motion for Reconsideration of that dismissal.

Young is serving a 262-month sentence in the Middle District of Florida for unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). Young's conviction and sentence were based, in part, on his prior felony convictions in Florida state court. In 2011, Young filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida, arguing that his constitutional rights were violated when "the lower court ordered [him] barred from any future pro-se filings," and barred "the clerk of courts [from] accept[ing] any pro-se filings . . . unless . . . signed by a member in good standing of the Florida bar." Young also attacked Florida state court rulings denying his motions for post-conviction relief, arguing that "the lower court was without jurisdiction to make the rulings that it did" because the rulings were made when he "was no longer in state custody."

The district court dismissed Young's petition without prejudice, stating that it was unclear whether Young was attacking a state or federal conviction. To the extent that Young was challenging his federal conviction, the district court held that Young should have filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Northern District of Florida—the district where he was sentenced. To the

2

extent that Young was challenging his state court convictions, the district court directed that his "request for relief should be filed in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2254."

Instead of heeding the district court's admonishments, Young then filed with the same court a "Motion for Correction and Notice of Appeal." This motion clarified that Young sought relief from his "state judgment and conviction[s]" and conceded that he was ineligible for habeas relief under § 2241 because he was "in no form of custody, by the state" and had "completed all post-conviction supervision imposed by the state" when he filed his habeas petition. He requested, however, that the court interpret his habeas petition as a petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), and that it vacate his state court convictions under that provision. The district court construed Young's motion as a Motion for Reconsideration or Motion to Alter or Amend Judgment, and denied it without discussion. This pro se appeal followed.

We construe pro se appeals liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). So construed, Young argues, first, that the district court erred in failing to grant his habeas petition under § 2241 and, second, that it erred in failing to treat his § 2241 petition as a § 1651(a) petition for a writ of error coram nobis and to grant relief accordingly. We consider each argument in turn.

3

"The availability of habeas relief under § 2241 presents a question of law we review de novo."  Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005).  A district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  This "in custody" requirement is jurisdictional.  Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir. 1988).  To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989).

Young concedes here, as he did below, that "he was no longer in state custody" as of September 2004.  Neither was he serving state probation when he filed his § 2241 petition attacking his state court convictions.  The district court therefore lacked jurisdiction to consider, and thus properly dismissed, Young's § 2241 petition attacking his state court convictions to the extent that he was no longer in state custody or under state supervision at the time it was filed.  See Stacey, 854 F.2d at 402–03.

Young's second claim is that the district court erred when it failed to grant him a writ of error coram nobis vacating his state court convictions, based on his § 2241 petition.  We review a denial of coram nobis relief for abuse of discretion. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000).  To be entitled to a

4

writ of error coram nobis, a petitioner must show that "there is and was no other available avenue of relief," and that the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular or invalid." Id. (quotation marks omitted). "[C]oram nobis is not available in federal court as a means of attack on a state criminal judgment." Theriault v. Miss., 390 F.2d 657, 657 (5th Cir. 1968).[1]

Young seeks a writ of error coram nobis vacating his state court convictions. Our law is clear, however, that coram nobis in federal court is not a vehicle for challenging those convictions. See id. Thus, the district court did not abuse its discretion in denying Young's request for a writ of error coram nobis based on his § 2241 petition.

For these reasons, the district court's order dismissing Young's petition for habeas corpus and denying his Motion for Reconsideration is

**AFFIRMED.**

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5