**Thrameah AZIZ, Petitioner-Appellant,**

v.

**E.S. LEFERVE and Robert Abrams,
Respondents-Appellees.**

**No. 86–3263.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 21, 1987.

Joel B. Toomey, Jacksonville, Fla., for petitioner-appellant.

John M. Koenig, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge.

Appellant complains in this appeal of the dismissal without prejudice of his habeas corpus petition by the United States District Court for the Middle District of Florida.

## I. STATEMENT OF THE CASE

Aziz was convicted and incarcerated in Florida in 1976 when he pled guilty to charges of robbery. He completed his five-year sentence and was discharged from any Florida supervision on October 31, 1980. Subsequently, he was indicted in New York state on two felony counts of "robbery in the first degree." The prosecution filed a predicate felony statement indicating that Aziz had previously been convicted in Florida of a felony. The trial court in New York concluded in an order entered August 31, 1982, that petitioner's Florida crime would be considered a felony in New York and therefore "the defendant is a second-felony offender and he will be sentenced accordingly." The court also concluded that petitioner's Florida guilty plea was a "knowing, voluntary and intelligently made" one, and thus the Florida conviction was legally sufficient and constitutionally obtained.

Aziz entered a guilty plea to the New York charges and on September 23, 1983, he was convicted and sentenced. Because of the prior Florida felony conviction, petitioner's minimum possible sentence was extended from five to seven and one-half years.

Petitioner filed the instant action for habeas corpus relief in the District Court for the Southern District of New York, against the appellees, E.S. Leferve and Robert Abrams, his custodians in New York. The petition alleged, among other grounds, that petitioner's Florida conviction had been unconstitutionally obtained and should not have been used to enhance his New York sentence because he was not properly informed of his rights and in addition, was incompetent to understand the nature of the charges against him. Appellees, the New York custodians, moved the New York district court to transfer venue of this case pursuant to 28 U.S.C. § 1404(a) to the District Court for the Middle District of Florida, since the Florida conviction had been obtained in Duval County, Florida. The district court entered its order transferring venue on September 19, 1985.

Upon the docketing of the petition in the Middle District, the United States Magistrate issued a show cause order directed to New York counsel for the New York respondents, requiring a response within 25 days. No response was made by the New York officials. No appearance has been made by them, or on their behalf, to date.

Instead of a response by the New York respondents, a motion to dismiss was filed by Louie L. Wainwright, the Florida official in charge of the Department of Corrections, who identified himself as "the respondent, Louie L. Wainwright, the real party in interest in said cause." The record does not disclose any notice or citation by the magistrate directed to Wainwright.

Although the caption of the motion noted Leferve and Abrams as "respondents," it was signed by two lawyers from the office of the Florida Attorney General's office, who signed as "counsel for respondent." As noted above, Wainwright was not a respondent in the petition for habeas corpus except by his own designation. Also, as previously indicated, there has never been any appearance by the respondents named in the petition for habeas corpus, the New York custodians.

The motion to dismiss was based upon the contention of Wainwright that the United States District Court for the Middle District of Florida had no subject matter jurisdiction and also lacked personal jurisdiction over the respondents. After the filing of a response to the motion to dismiss, Wainwright's counsel agreed that the court had subject matter jurisdiction but pursued the motion to dismiss on the ground that the court lacked personal jurisdiction.

The magistrate's report and recommendation accepted this basis for dismissing the petition, and the trial court acquiesced and entered an order dismissing the petition for habeas corpus without prejudice to the filing of a new petition in the appropriate district court in the state of New York. This order is the subject of the present appeal.

## II. DISCUSSION

### A. *Subject Matter Jurisdiction*

■ As noted above, Wainwright's motion to dismiss first attacked the subject matter jurisdiction of the district court in light of the fact that Florida had no longer any custodial responsibilities over Aziz. Although this position was later modified when the Florida attorney general's office conceded subject matter jurisdiction, we must consider the issue since subject matter jurisdiction cannot be waived. It is plain here that the appellant is suffering directly from the effect of his Florida conviction in that his New York sentence has been enhanced by fifty percent because of that conviction. It is therefore clear under *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and *Craig v. Beto*, 458 F.2d 1131 (5th Cir.1972)[1], the collateral effect of the Florida conviction gives Aziz the right to challenge his Florida conviction by a petition for habeas corpus. In *Craig*, the Court of Appeals for the Fifth Circuit said:

> Although federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, the action can be maintained upon an allegation that the conviction was used in a subsequent criminal proceeding for enhancement of a sentence which the petitioner is serving at the time of filing the habeas action.

458 F.2d at 1134.

It is clear therefore that the district court had subject matter jurisdiction.

### B. *Personal Jurisdiction*

■ As stated by appellant, it would be "incredible" for the State of New York, if it had actually done so, to claim that the Middle District of Florida did not have jurisdiction over the respondent New York officials when they are the respondents who filed the motion in the Southern District of New York to transfer the case to the Middle District of Florida. The transfer was made under 28 U.S.C. § 1404(a) (a transfer from one district to another on the theory of *forum non conveniens*.) Of course, as we have already noted, the New York respondents did not actually make a contention that Middle District of Florida had no personal jurisdiction over them. This contention was made only by the attorney general of the State of Florida. We may reasonably assume that the fact that the original transfer was made at the request of the New York respondents was not brought to the attention of the district court when it entered the order of dismissal based on lack of personal jurisdiction. The decision of the district court to dismiss the petition for want of personal jurisdiction is clearly wrong. Respondents not only waived any lack of personal jurisdiction, they actually requested the transfer themselves.

### C. *No Response to Order to Show Cause*

A more basic problem than those we have discussed exists in this case. The magistrate's notice and order to show cause issued to the New York respondents gave them 25 days within which to respond. They were never heard from again in this litigation. Instead, Louie Wainwright, the correctional official for the State of Florida, "responded" and called himself "respondent," which of course he was not. In several documents of record and in the briefs filed here, the Florida attorney general's office appears as either "counsel for respondent" or "counsel for appellee." The whole proceedings on this appeal made it appear that the Florida at-

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

torney general's office was actually representing the New York defendants.[2] In spite of this precise statement, counsel, in oral argument, stated that this was not the case. He stated that, in fact, the Florida attorney general's office did not intend to, and it could not under the Florida statutes, represent officials of the State of New York. A reading of Florida Statutes, Section 16, makes it clear that this is correct.

However, in response to a specific question by the Court, counsel stated that the State of Florida had "responded" to a notice and citation *calling on the State of Florida* to respond. The record does not show any citation or notice given by the district court to the State of Florida or any of its officials. It then appearing that the only basis on which the Florida attorney general's office could appear either in the district court or in this Court would be as counsel for the New York defendants, counsel was asked expressly whether this was the posture of the Florida attorney general's office. The answer, as stated above, was "no"; they did not, and could not legally, act in such capacity.

The upshot of this is that the notice from the magistrate to show cause within 25 days has never been answered.

█ In an ordinary civil suit, this situation would entitle the petitioner or plaintiff to move for a default judgment. However, *recognizing that a default judgment is not contemplated in habeas corpus cases,* United States ex rel. Mattox v. Scott, 507 F.2d 919 (7th Cir.1974); *Allen v. Perini,* 424 F.2d 134 (6th Cir.1970), and in light of the fact that appellant did not here contend that he had the right to such default judgment, we think it appropriate to reverse the judgment of dismissal and remand the case to the district court for further proceedings on the pleadings now before the Court but without the further delay that would be required to give the respondents additional time to file their appearance and response.

2. The so-called "appellee" 's brief states:

The State of Florida acknowledges the fact that the New York Attorney General moved for a transfer of venue of this cause. However, the Attorney General of Florida, *who has undertaken the representation of the*

*See United States ex rel. Mattox v. Scott* at 924, where the Court said:

The district court should have proceeded as if it had received a return from the state authorities, that is, it should have proceeded as provided at the close of 28 U.S.C. § 2243: "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

507 F.2d at 924.

REVERSED and REMANDED.

*named Appellees* was not a party to the motions and, *more importantly, has never submitted himself to the jurisdiction of the lower court.* To the contrary, *Florida, on behalf of the Appellees,* successfully moved to dismiss the instant petition for lack of jurisdiction.