**Donald R. STINES, Petitioner–Appellee,**

v.

**T.C. MARTIN, Respondent–Appellant.**

**No. 86–2456.**

United States Court of Appeals,
Tenth Circuit.

June 21, 1988.

Stephen Korotash, Asst. U.S. Atty. (William S. Price, U.S. Atty., and D. Blair Watson, Asst. U.S. Atty., with him on the brief), Oklahoma City, Okl., for respondent-appellant.

J.W. Coyle, III, of Hughes & Nelson, Oklahoma City, Okl., for petitioner-appellee.

Before SEYMOUR, SETH and BALDOCK, Circuit Judges.

SEYMOUR, Circuit Judge.

The United States appeals the district court's grant of Donald R. Stines' petition for writ of habeas corpus. The court ordered Stines' release from custody because the Government failed to respond to his petition for relief in a timely fashion. We reverse.

## I.

In August 1984, the Securities and Exchange Commission obtained a series of court orders restraining Stines from disposing of certain real and personal property and ordering disgorgment. In May 1985, Stines was convicted of failure to file an income tax return. He began serving a one year sentence on August 9, 1985. In September 1985, Stines was found in civil contempt for wilfully refusing to disclose assets as required by the August 1984 injunction order, and was ordered imprisoned

indefinitely until compliance. He was also found in criminal contempt for violating the injunction order and sentenced to five years incarceration and five years probation. Both this sentence and Stines' sentence for failure to file a tax return were to be interrupted by the indefinite sentence for civil contempt. Stines was placed in a federal correctional facility in the Western District of Oklahoma.

In July 1986, while still being held on the indefinite civil contempt sentence, Stines filed this petition for relief under 28 U.S.C. § 2241. The Government failed to respond by the required time, but did prepare an answer before the scheduled hearing, which it filed without leave of court. The district court ordered the Government's late filing stricken, deemed all of Stines' allegations confessed by the Government, granted the writ as to both contempt proceedings, and ordered Stines released because he had served sufficient time to satisfy his sentence for failure to file a tax return.

On appeal, the Government argues that the district court's order amounted to a default judgment, which the Government asserts should not be available in habeas corpus proceedings. Rather, when the United States Attorney's office fails to file a timely response in such a proceeding, the district court should nevertheless address the issues raised. If the court had evaluated Stines' claims, the Government contends, it would have been required to dismiss the petition.

## II.

Some courts have expressed the view that default judgments are inappropriate in habeas cases. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987); *Bermudez v. Reid*, 733 F.2d 18 (2d Cir.), *cert. denied*, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *United States ex rel. Mattox v. Scott*, 507 F.2d 919 (7th Cir.1974); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed. 2d 143 (1970). These courts have held that when the Government fails to file a timely response, the district court should review

the merits of the petition "as if it had received a return." *Scott*, 507 F.2d at 924; *see Aziz*, 830 F.2d at 187; *Bermudez*, 733 F.2d at 22. Relief should be granted only if the court finds evidence to establish a claim of unlawful detention.

The Seventh Circuit, however, has noted that the distinction drawn in some of the cases between habeas and other civil actions is grounded in the habeas statute's requirement that the petitioner prove an unlawful detention before relief is granted. *See Ruiz v. Cady*, 660 F.2d 337, 341 n. 5 (7th Cir.1981). In *Ruiz*, the court declared that when the Government's delay itself rises to the level of a due process violation, default is appropriate. The court elaborated as follows:

> "A default judgment, without full inquiry into the merits, is especially rare when entered against a custodian in a *habeas corpus* proceeding. Although such a remedy is extreme, ... we think it should be preserved as a sanction against a respondent's unwarranted delay. Where the respondent is guilty of long and inadequately explained delays, it may be presumed that the petitioner is being illegally confined.... In those situations, the petitioner's due process rights would be denied, and '[t]he writ of habeas corpus, challenging illegality of detention, ... reduced to a sham if the trial courts [did] not act within a reasonable time....' "

*Id.* at 340. The delay in *Ruiz* was part of a pattern. Nonetheless, the court reversed the grant of default judgment because, in the particular case before it, the Government had actually delayed resolution of the petitioner's claims by only five days. The court held, "[t]his relatively short delay, certainly of some consequence if the petitioner has been wrongly confined, does not, in our opinion rise to the level of a due process violation. Ruiz has not shown or argued any substantial personal harm from the delay." *Id.* at 341.

We need not decide whether a district court may ever grant a default judgment in a habeas corpus proceeding if there is a serious delay, because the delay in this

case was minor. The Government filed a response by the original hearing date and only three weeks after it was due. The hearing itself took place as scheduled. Nothing in this record suggests that the U.S. Attorney's office had displayed a pattern of delay. Its failure was apparently an isolated and inadvertent mistake. The court was not placed in the position of either delaying the proceedings or making a decision without benefit of Government briefing. *See Ruiz,* 660 F.2d 337 (no default where state responsible only for five-day delay); *cf. Aziz,* 830 F.2d 184 (state neither filed response nor appeared); *Bermudez,* 733 F.2d 18 (no response by state after four months, and pattern of delay); *Scott,* 507 F.2d 919 (eighty-six day delay).

The good faith nature of the Government's error is of little consolation to one who may be unlawfully held in custody. As in *Ruiz,* however, the actual delay here in filing the brief was not sufficiently extensive or egregious to constitute a violation of Stines' due process rights. Thus, even assuming district courts have the power to grant default judgments in habeas proceedings, the court abused its discretion in doing so here. On remand, the court should address the merits of the petition forthwith in order to determine whether Stines was being held unlawfully.

We emphasize that by reversing we do not mean to condone the Government's actions; nor do we express any opinion on the merits of Stines' petition. When the Government failed to respond to the petition for habeas corpus relief, the district court was entitled to invoke a sanction appropriate to the circumstances. We merely hold that granting the writ under the circumstances here was inappropriate. We therefore reverse.