ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellant’s motion for clarification and substitute the following opinion to clarify our opinion issued on June 16, 1993:
This is an appeal from the trial court’s order granting appellee’s petition for writ of habeas corpus. We reverse and remand with direction to enter judgment in favor of appellant.
Appellant raises three points, all of which are meritorious, and to none of which appellee chose to respond. First, the trial court erred in entering a final judgment without notice to appellant because only appellee’s pending motions were noticed for hearing. See Watson v. Watson, 583 So.2d 410 (Fla. 4th DCA 1991) (it is well settled that a judgment entered without notice to a party is void).
Appellant next contends that the trial court erred in granting appellee’s petition based on its failure to attend the hearing, pointing to a number of federal cases establishing that a default judgment is not contemplated in habeas corpus cases. See, e.g., Aziz v. Leferve, 830 F.2d 184 (11th Cir.1987); Stines v. Martin, 849 F.2d 1323 (10th Cir.1988). This general rule stems from the fact that many petitioners have been convicted of serious crimes; therefore, it would be the public at large, and not the defaulting party, that would be made to suffer. Bermudez v. Reid, 733 F.2d 18 (2d Cir.), cert. denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984). A default may, however, be granted in extreme cases where the respondent is guilty of. “long and inadequately explained delays.” Stines, 849 F.2d at 1324 (quoting Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir.1981)). Such is not the case here.
The transcript indicates that the trial court failed adequately to consider the arguments raised in appellant’s response. While it did briefly note appellant’s argument that appellee failed to exhaust his administrative remedies, it did not address appellant’s contention that appellee was ineligible for provisional credits because he was serving a three year minimum manda *636 tory sentence for use of a firearm as argued in the response.
Turning to the merits of appellant’s position, the record clearly indicates that appellee was never entitled to provisional credits. The trial court sentenced appellee to a total of four concurrent five year terms of imprisonment. For two of those sentences, the trial court imposed a three year minimum mandatory for possession of a firearm. While appellee seeks provisional credit pursuant to section 944.277, Florida Statutes (1991), his claim is barred for a number of reasons. Section 775.087(2), Florida Statutes (1991), provides that a defendant sentenced to a three year minimum term of imprisonment for possession of a firearm is ineligible for statutory gain-time prior to serving his minimum sentence. Section 944.277(1), Florida Statutes (1991), permits the Secretary of Corrections, whenever the inmate population reaches ninety-eight percent of lawful capacity and the Governor acknowledges this condition in writing, to grant up to sixty days of provisional credits “equally to each inmate who is earning incentive gain-time.” Because appellee was barred from receiving gain-time before the completion of his minimum mandatory sentence, see Thomas v. Dugger, 548 So.2d 230 (Fla.1989), he was also barred from receiving provisional credits. Furthermore, section 944.277(l)(b), Florida Statutes (1991), specifically excludes inmates who are serving minimum mandatory sentences under section 775.087 from receiving provisional credits.
Subtracting the credit for time served, appellee did not complete the minimum mandatory portion of his sentence until April 15, 1991. While he would be eligible for an award of provisional credits after this date, appellant has not made such an award since January 18, 1991. Therefore, appellee was never eligible for any provisional credits.
GLICKSTEIN, WARNER and FARMER, JJ., concur.