**Robert D. SPARROW, Movant,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 97–C–359 G.**

United States District Court, D. Utah, Central Divsion.

Aug. 18, 1997.

Robert D. Sparrow, St. George, UT, pro se.

Greg Diamond, Asst. U.S. Attorney, District of Utah, Salt Lake City, UT, for Respondent.

## MEMORANDUM & ORDER & ORDER TO SHOW CAUSE

BOYCE, United States Magistrate Judge.

■ The movant, Robert D. Sparrow, who is seeking relief under 28 U.S.C. § 2255, has made a motion for default judgment based on the claim that the respondent United States had thirty (30) days from the time the sentencing transcript was received by the court to respond to Sparrow's motion to vacate under 28 U.S.C. § 2255 and that the transcripts were submitted on July 3, 1997 and the United States has not timely responded.

■ The *Rules Governing Section 2255 Cases,* (1997) govern motions to vacate under 28 U.S.C. § 2255 and they do not provide for defaults or default judgments. However, Rule 4(b), *Rules Governing Section 2255 Cases* does direct the court to require the United States Attorney to answer the motion where appropriate "within the period of time fixed by the court ..." See also 28 U.S.C. § 2255. Rule 8(a) clearly contemplates a reply by the government before the court grants relief. Rule 12 provides:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

Thus the court has discretion to apply default standards.

Some courts have concluded that default is inappropriate for habeas corpus proceedings. *Bermudez v. Reid,* 733 F.2d 18 (2d Cir.), *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984)(28 U.S.C. § 2254 proceeding in which state failed to respond to court's order did not require default, notice should be provided to respondent before default); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir.1987)(default is not contemplated in habeas corpus cases); *United States ex rel.*

*Mattox v. Scott,* 507 F.2d 919 (7th Cir. 1974)(same); *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970) (same).[1] This would appear to be in keeping with the discretion given the court under Rule 12 and the functional mandate of a response from the government directed by Rule 8, *Rules Governing Section 2255 Cases.* The position also appears to be harmonious with Rule 5, which contemplates a response. It has been suggested that in a habeas corpus case default would not normally be granted under the applicable rules. Charles Allen Wright, *Procedure for Habeas Corpus,* 77 F.R.D. 227, 242 (1978); James S. Liebman and Randy Hertz, *Federal Habeas Corpus Practice and Procedure,* 2d Ed. § 16.16 p. 469 (1994).

In *Stines v. Martin,* 849 F.2d 1323 (10th Cir.1988), the district court ordered a habeas petitioner released from custody because the government failed to respond to the court's direction. The Court of Appeals reversed. The petitioner had sought relief under 28 U.S.C. § 2241 from a civil contempt sentence. Thus, the case did not consider the question of default under the *Rules for § 2255 Cases.*

The court discussed the default issue, and said:

> We need not decide whether a district court may ever grant a default judgment in a habeas corpus proceeding if there is a serious delay, because the delay in this case was minor. The Government filed a response by the original hearing date and only three weeks after it was due. The hearing itself took place as scheduled. Nothing in this record suggests that the U.S.
> Attorney's office had displayed a pattern of delay. Its failure was apparently an isolated and inadvertent mistake. The court was not placed in the position of either delaying the proceedings or making a decision without benefit of Government briefing. See *Ruiz,* 660 F.2d 337 (no default where state responsible only for five-day delay); cf. *Aziz,* 830 F.2d 184 (state nei-

---

**1.** In *Andrews v. Deland,* 1989 WL 230922 *3 (D.Utah 1989) this court observed that "Matters such as default, discovery, service of process and other civil procedures do not interface well with

a habeas corpus case." Citing *Stines v. Martin,* 849 F.2d 1323 (10th Cir.1988); and *Bermudez v. Reid, supra.*

ther filed response nor appeared); *Bermudez,* 733 F.2d 18 (no response by state after four months, and pattern of delay); *Scott,* 507 F.2d 919 (eighty-six day delay). 849 F.2d at 1324–25.

The court observed that the delay "was not sufficiently extensive or egregious to constitute a violation of Stines' due process rights." *Id.* at 1325. The court also said when the "Government failed to respond to the petition for habeas corpus relief, the district court was entitled to invoke a sanction appropriate to the circumstances." *Id.,* In this case, the Government's response was due August 3, 1997. The movant's motion for default judgment was filed August 6, 1997 and was signed by the movant on August 4, 1997. The motion of Sparrow is clearly an attempt to "snap up" a default and obtain relief without consideration of substantive issues in the case. In addition, the court has previously noted in the order directing the United States to respond that most of Sparrow's contentions are frivolous. The United States filed its response on August 11, 1997. The response is extensive. There has not been a denial of a procedural due process right of Sparrow and the delay is modest. Therefore, the delay does not warrant a default and the appropriate procedure is to issue an order to show cause, and if appropriate impose a proper sanction. See *Ruiz v. Cady,* 660 F.2d 337, 341 (7th Cir.1981); *Bennett v. Collins,* 835 F.Supp. 930 (E.D.Tex.1993).

The movant filed his claim for relief on May 7, 1997, after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I § 104 (1996) codified in 28 U.S.C. § 2244, 2253, 2254, 2255, etc. Although some parts of the *Rules Governing Section 2255 Cases* have been effected and changed by Title I of the Antiterrorism and Effective Death Penalty Act of 1996 (See Rule 9), nothing in the 1996 Act changes the law or procedural considerations with regard to a request for default because of the Government's failure to respond. What has been expressed by this court remains applicable. Therefore,

**IT IS HEREBY ORDERED:**

1. The motion of Robert D. Sparrow for default of the United States is denied.

2. The United States Attorney for the District of Utah shall, on or before August 29, 1997, make a written response to this court and explain why its response was filed late.