[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2001
THOMAS K. KAHN
CLERK

————————————

No. 99-13776

————————————

D. C. Docket No. 97-00624 CIV-T-26E

MERLE W. UNGER, JR.,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,
ROBERT A. BUTTERWORTH,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Middle District District of Florida

————————————

**(July 26, 2001)**

Before BLACK and BARKETT, Circuit Judges, and HOBBS[*], District Judge.

PER CURIAM:

———————————

[*] Honorable Truman M. Hobbs, U.S. District Judge for the Middle District
of Alabama, sitting by designation.

Appellant, a state prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellees are officials of the state of Florida. The district court ruled that Appellant was not "in custody" as required by § 2254. As such, the district court held it lacked subject matter jurisdiction. Pursuant to 28 U.S.C. § 2253, we granted a certificate of appealability solely on the issue whether the district court correctly determined that it lacked subject matter jurisdiction.

## I. BACKGROUND

In 1976, Appellant was convicted by the courts of Maryland on various charges, including murder.[1] For these crimes, Appellant was sentenced to life imprisonment plus a series of terms.[2] On July 22, 1981, Appellant escaped from

---

[1] On July 28, 1976, a jury in the Circuit Court for St. Mary's County found Appellant guilty of escape. On November 24, 1976, a jury in the Circuit Court for Talbot County found Appellant guilty of murder, armed robbery, using a handgun during a murder, and using a handgun during a robbery. On direct appeal, however, the convictions for armed robbery and using a handgun during a robbery were reversed.

[2] According to the commitment records from St. Mary's County and Talbot County, Appellant's sentences were as follows. First, for the escape charge, Appellant was sentenced to ten years' imprisonment to commence on June 1, 1976. Second, for the murder charge, Appellant was sentenced to life imprisonment to commence when his sentence for the escape charge terminated. Third, for the charges of armed robbery, using a handgun during a robbery, and using a handgun during a murder, Appellant was sentenced to imprisonment terms of 20 years, 5 years, and 15 years, respectively; these sentences were to run consecutive of one

Maryland prison. On August 20, 1981, Appellant appeared in Clearwater, Florida, where he was arrested by local police for some more crimes that he committed in Florida after his escape.

Three months later, on November 18, 1981, Appellant entered a guilty plea on six counts for his Florida crimes, and the Florida court sentenced Appellant to six concurrent prison terms.[3] At the sentencing hearing, Appellant's counsel requested that the Florida sentences run concurrent to Appellant's Maryland sentences. The prosecutor did not object. In each of its judgments, the Florida court stated that all six Florida sentences were to run concurrent to Appellant's previously imposed Maryland sentences.

---

another and to commence when his life term for the murder charge terminated. On direct appeal, however, the convictions for armed robbery and using a handgun during a robbery were reversed.

[3] The six counts were charged in four different informations. Appellant pled guilty to the following six counts: burglary (Fla. Stat. § 810.02), use of a firearm in the commission of a felony (Fla. Stat. § 790.07(2)), aggravated assault (Fla. Stat. § 784.021), felonious possession of a firearm (Fla. Stat. § 790.23), grand theft auto (Fla. Stat. § 812.014), and grand theft (Fla. Stat. § 812.014). For the burglary, Appellant was sentenced to 30 years' imprisonment. For each of the remaining counts, Appellant was sentenced to 5 years' imprisonment. All six terms were to run concurrently.

On December 23, 1981, however, Appellant filed a pro se motion. In that motion, Appellant stated that he had refused extradition to Maryland,[4] and he requested to see his Florida sentencing judge to clarify his custody status. On January 6, 1982, the Florida sentencing judge entered an order, stating in part:

> [Appellant] is to serve the sentence previously imposed in the above styled cause in the State of Florida. Upon completion of the sentence in the State of Florida, the State of Florida will hereby notify the State of Maryland.

As a result, Appellant remained in Florida prison until his Florida sentences expired on December 5, 1990. Thereafter, Florida officials returned Appellant to Maryland, so he could complete his Maryland sentences. Maryland officials informed Appellant that he would not receive any credit towards his Maryland sentences for the time spent serving his Florida sentences. On February 2, 1997, Appellant, though serving a Maryland sentence, was returned to the custody of Florida officials pursuant to the Interstate Corrections Compact. On March 19,

---

[4] In fact, it is clear from the record that Appellant waged a lengthy legal battle to avoid extradition to Maryland. On August 22, 1981, Florida officials informed Maryland officials that Appellant refused to waive extradition. On September 23, 1981, the state of Maryland submitted an extradition request to the state of Florida. On November 16, 1981, Appellant filed a petition for a writ of habeas corpus in Florida state court challenging extradition to Maryland. This petition was denied on February 3, 1982, and the Florida Second District Court of Appeal affirmed without opinion. On July 7, 1983, Appellant filed a federal petition for a writ of habeas corpus challenging the Maryland extradition. On April 15, 1985, the district court denied that petition, and Appellant did not appeal.

1997, Appellant filed the instant petition, alleging his Florida convictions were constitutionally infirm.

## II. DISCUSSION

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254; *accord Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989). As such, federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence. *See White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995), *as amended*, 78 F.3d 500 (11th Cir. 1996). The mere possibility that an expired conviction might be used to enhance another conviction is insufficient to satisfy the "in custody" requirement of § 2254. *See Fox v. Kelso*, 911 F.2d 563, 567 (11th Cir. 1990).

A petitioner is "in custody," however, when he is incarcerated under a current sentence that has been enhanced by an expired conviction. *See Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997). In *Fox*, the petitioner was incarcerated for felony convictions, but his petition challenged expired misdemeanor convictions. *See Fox*, 911 F.2d at 567-68. We held that the petitioner was "in custody" for the expired misdemeanor convictions, because they

5

were delaying the date from which the petitioner would receive credit for time served against his felony convictions. *See id.* at 568.

In the instant case, Appellant makes a similar challenge. He contends that, if his Florida convictions were invalidated, he would receive credit for time served against his Maryland convictions and be released at an earlier date. If this contention is true, then Appellant is "in custody" under § 2254. In such a situation, however, "the petitioner is deemed to be challenging the current sentence . . . rather than directly challenging the expired conviction." *Van Zant*, 104 F.3d at 327 (11th Cir. 1997); *see also Maleng*, 490 U.S. at 493-94, 109 S. Ct. at 1926-27. Therefore, Appellant is properly understood to be challenging his Maryland sentence, not his expired Florida convictions.

Whether Maryland credits Appellant for these Florida convictions seems purely a question of Maryland law. *See* Md. Ann. Code art. 27, § 638C (1957); *see also* S.B. 1, Reg. Sess., Ch. 10, § 2 (Md. 2001) (modifying art. 27, § 638C and recodifying at Md. Crim. Proc. § 6-218); *Chavis v. Smith*, 834 F.Supp. 153, 158-60 (D. Md. 1993). The legality of Appellant's Florida convictions might need to be decided as a factual predicate for analyzing the application of Maryland law. But it also possible that Maryland law gives no effect to the Florida convictions, and that

the expiration of Appellant's Maryland sentence cannot be said to have been delayed by the Florida convictions.

We decline to resolve what Maryland law requires (and consequently the question of federal jurisdiction over Appellant's claims), because Appellant's petition contains a deficiency that must first be corrected. Appellant has sued the wrong respondent: Appellant is challenging the Maryland sentence, and therefore the proper respondent is the state of Maryland.

We faced a similar situation in *Means v. Alabama*, 209 F.3d 1241 (11th Cir. 2000). There, a federal prisoner sued Alabama officials to challenge an expired Alabama conviction insofar as it enhanced his federal conviction. *See Means*, 209 F.3d at 1242. We held that the United States Attorney, not the state of Alabama, was the proper respondent, and we remanded the case to the district court to correct this deficiency. *See id.*; *see also Birdsell v. Alabama*, 834 F.2d 920, 922 (11th Cir. 1987) (noting that where current federal sentence has been improperly enhanced by prior state conviction, collateral attack must brought under 28 U.S.C. § 2255 as a challenge to federal sentence); *Aziz v. LeFerve*, 830 F.2d 184, 186-87 (11th Cir. 1987) (indicating that Florida official was not the proper respondent where petitioner was challenging Florida conviction insofar as it enhanced New York sentence). Similarly, in this case, Appellant challenges the expiration date of his

7

Maryland sentences. The validity of Appellant's Florida convictions is only an issue to the extent that Maryland law (and Appellant's Maryland sentences) may turn on them. As such, the proper respondent is the state of Maryland, not the state of Florida.[5]

## III. CONCLUSION

On remand, the district court shall dismiss from this suit all officials of the state of Florida, and shall grant Appellant leave to amend his petition to sue the appropriate officials from the state of Maryland. If Appellant amends his petition accordingly, the district court, pursuant to 28 U.S.C. § 1404(a), may transfer this action to the United States District Court for the District of Maryland.[6]

---

[5] Appellant contends that Appellees never argued that the state of Maryland was a necessary party, and therefore Appellees have waived this argument. Appellant's contention misses the mark. Appellees, as Florida officials, cannot forfeit Maryland's interest in incarcerating Appellant for violating Maryland's criminal statutes. *See Aziz v. LeFerve*, 830 F.2d 184, 186-87 (noting that Florida Attorney General could not purport to represent interests of New York in defending New York conviction enhanced by Florida conviction). Additionally, it makes no difference that Appellant is being held in a Florida prison pursuant to the Interstate Corrections Compact. Under the Compact, Appellant remains subject to the jurisdiction of Maryland. *See* Fla. Stat. § 941.56, art. IV(c) (2000).

[6] To be clear, in this opinion, we do not pass judgment on the merits of Appellant's claims. In particular, we express no opinion as to whether Appellant's claims are meritorious in light of the Supreme Court's recent decisions in *Lackawanna County District Attorney v. Coss*, ___ U.S. ___, 121 S. Ct. 1567 (2001) and *Daniels v. United States*, ___ U.S. ___, 121 S. Ct. 1578 (2001).

VACATED and REMANDED.