**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONNIE COLLINS,

Defendant-Appellant.

No. 05-8056
(D. of Wyo.)
(D.C. Nos. 05-CV-52-CAB and
00-CR-176-03-CAB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

In 2001, a jury convicted Donnie Collins of conspiracy to possess with

intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(B). The district court sentenced him to 84 months imprisonment. His

appeal was denied. He subsequently brought a habeas petition under 28 U.S.C.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

§ 2255 challenging his sentence, which was denied by the district court.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we deny a certificate of appealability (COA) and dismiss this matter.

## I. Procedural Background

At sentencing, the district court determined that Mr. Collins's relevant conduct, involving between 50 and 500 grams of methamphetamine, placed him at the base offense level of 26 under the then-mandatory Sentencing Guidelines. The court enhanced this sentence by two levels after finding Mr. Collins's conduct evidenced obstruction of justice. We affirmed this sentence on direct appeal. *United States v. Collins*, 97 F. App'x 818 (10th Cir. 2004) (unpublished).

Following the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Collins brought the instant action: a § 2255 motion alleging the court enhanced his sentence in violation of *Booker*. The district court ordered the government to file a response within 20 days. Twenty-three days later the government filed a motion for extension of time. The court granted the motion, allowing the government an additional 30 days to respond. When that deadline passed without a response, Mr. Collins filed a motion for entry of a default judgment. The court denied the motion. The government's response was received 20 days after the extended deadline expired.

## II. Analysis

Before this court can review the merits of a § 2255 habeas appeal, we must grant a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. Default Judgment

Mr. Collins argues the district court should have entered a default judgment following the government's failure to file a timely response. He identifies two lapses by the government: (1) its failure to request an extension of time before the court-ordered response deadline had expired; and (2) following the court's 30-day extension, its failure to file a response until an additional 20 days passed after the expiration of the extended deadline.

Under Fed. R. Civ. P. 55(e), a default judgment shall not be entered against the government "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." In particular, this court has held that a default judgment may be appropriate in a habeas case where the delay itself rises to the level of a due process violation. *Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir. 1988).

-3-

Here, the district court clearly explained its reasons for denying the motion—the unexpected and substantial number of habeas motions following the Supreme Court's decision in *Booker*. The government's delayed response, although not desirable, was understandable in light of the circumstances and certainly not so extensive or egregious as to violate Mr. Collins's due process rights. Nor did the additional delay result in any substantial harm to Mr. Collins.

### B. Booker *Error*

Mr. Collins additionally argues the district court used judge-found facts to impose a two-level enhancement for obstruction of justice in violation of *Booker*. His § 2255 motion, however, was filed after *Booker* became final. Since our cases have held that *Booker* does not apply retroactively to an initial § 2255 motion challenging a conviction that became final prior to *Booker*, we need not address the merits of this allegation. *See United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (holding that "*Booker* does not apply retroactively to initial habeas petitions"). Nor can Mr. Collins avoid this rule by suggesting that because *Booker* merely clarified *Apprendi,* the retroactivity rule is inapplicable to his motion. Without *Booker*, Mr. Collins would have no claim. *See United States v. Price*, 400 F.3d 844, 846 (10th Cir. 2005) (holding that because the *Booker* line of cases created a new procedural rule, initial § 2255 motions are subjected to a retroactivity analysis before they may be reviewed). Had Mr. Collins sought to

make an *Apprendi* argument, the proper avenue for relief would have been on direct appeal. *See United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that *Apprendi* is not retroactively applicable to initial habeas proceedings).

### III.  Conclusion

Accordingly, because Mr. Collins has failed to make a substantial showing of the denial of a constitutional right, we deny a COA and dismiss this matter.

Entered for the court

Timothy M. Tymkovich
Circuit Judge